**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUBO JIN,<br><br>                                        Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et. al.<br><br>                                        Respondents. | Case No.: 26-cv-1819-BJC-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On March 23, 2026, Petitioner Yubo Jin, a citizen of China, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner asserts his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231. Respondents filed a return on April 1, 2026, in which they acknowledge Petitioner "is entitled to be released from custody subject to conditions of supervision."  ECF No. 4. Petitioner filed a traverse on April 3, 2025, contending Respondents fail to respond to his arguments regarding third country removal.

In light of Respondents concession that Petitioner is entitled to relief because they are unable to ascertain facts to establish there is a significant likelihood of removal in the reasonably foreseeable future, the  Court finds Petitioner is entitled to release pursuant to

*Zadvydas*.  Additionally, due process supports Petitioner's request for injunctive relief related to ICE's policy regarding third country removals presented in the memo dated July 9, 2025.  The memo suggests removal to a third country may occur without an opportunity to be heard if the United States receives and believes diplomatic assurances that there will be no persecution or torture.  According to the Ninth Circuit, "last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country."  *Najjar v. Lynch*, 630 F. App'x 724 (9th Cir. 2016).  Additionally, when the third country does not provide such assurances, ERO "will not affirmatively ask whether the alien is afraid of being removed to that country."  However, "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum. . .and for withholding of deportation to the country to which they will be deported violates" regulations and due process.  *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) (citing *Kossov v. INS*, 132 F.3d 405, 408–09 (7th Cir.1998)).

Accordingly, the Court ORDERS:

1. The petition for writ of habeas corpus is GRANTED.

2. Respondents shall immediately release Petitioner under conditions set by Respondents under 8 U.S.C. § 1231(a)(3).

3. Respondents are ENJOINED from re-detaining Petitioner without following all applicable statutory and regulatory procedures.

4. Respondents are ENJOINED from removing Petitioner unless they provide the following process:

   a. written notice to both Petitioner and Petitioner's counsel in a language Petitioner  can understand;

   b. a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal;

   c. if Petitioner is found to have demonstrated "reasonable fear" of removal to the country, Respondents must move to reopen Petitioner's immigration  proceedings;

26-cv-1819-BJC-JLB

        d.      if Petitioner is not found to have demonstrated a "reasonable fear" of removal to the country, a meaningful opportunity, and a minimum of fifteen days, for the Petitioner to seek reopening of his immigration proceedings.

5.     The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  April 9, 2026

_Bryan Cheeks_

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-1819-BJC-JLB